UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE KNAPP,

      Plaintiff,                                        Hon. Janet T. Neff

v.                                                    Case No. 1:18-cv-1278

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 36 years of age on her alleged disability onset date. (PageID.485). She successfully completed high school and worked previously as a hardware clerk, fast food worker, and grocery cashier. (PageID.406-07). Plaintiff applied for benefits on September 19, 2014, alleging that she had been disabled since June 29, 2013, due to cervical dystonia-torticollis, degenerative disc disease, bulging disc, arthritis, depression, anxiety, attention deficit disorder, chest deformities, premature ovarian failure, cervical radiculopathy, and cervical facet syndrome. (PageID.485-97, 522).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.353-483). Following an administrative hearing, Christopher Mattia, in an opinion dated June 26, 2017, determined that Plaintiff did not qualify for disability benefits. (PageID.273-322, 394-408). The Appeals Council ultimately affirmed the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.28-44). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2016. (PageID.397). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, ___ Fed. Appx. ___, 2020 WL 97414 at *2 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: degenerative disc disease of the cervical spine, cervical dystonia,[1] right shoulder disorder, migraine headaches, obesity, hypertension, major depressive disorder, mood disorder, and social phobia, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.397-99).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform work subject to the following limitations: (1) she can lift and carry 10 pounds occasionally; (2) during an 8-hour workday, she can sit, stand, and walk for 6 hours each; (3) she can push or pull 10 pounds, but only occasionally with her right upper extremity; (4) she can occasionally reach with right upper extremity; (5) she can frequently perform fingering activities with her right upper extremity; (6) she can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds; (7) she can occasionally balance, stoop, kneel, and crouch, but can never crawl; (8) she cannot be exposed to vibration or hazards such as unprotected heights or moving mechanical parts; (9) she can

---

[1] Cervical dystonia, also referred to as spasmodic torticollis, is "a painful condition in which your neck muscles contract involuntarily, causing your head to twist or turn to one side." *See* Cervical Dystonia, available at https://www.mayoclinic.org/diseases-conditions/cervical-dystonia/symptoms-causes/syc-20354123 (last visited on January 20, 2020). This disorder "can also cause your head to uncontrollably tilt forward or backward." *Id*. Treatment "often reduces the signs and symptoms" of this disorder, "but sustained remissions are uncommon." *Id*.

understand, remember, and carry out simple instructions; (10) she is able to make simple work-related decisions; (11) she can tolerate occasional changes in a routine work setting; (12) she can occasionally interact with supervisors and co-workers, but can never interact with the public; (13) she is limited to work which does not require a production rate or assembly line pace in which co-workers' productivity is dependent on claimant's productivity.[2]   (PageID.399-400).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs that Plaintiff can perform, her limitations notwithstanding.  *O'Neal*, 2020 WL 97414 at *2.  In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid*.

In this case, a vocational expert testified that there existed approximately 1.1 million jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (PageID.313-18).  This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").  Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

---

[2] Elsewhere in his opinion, the ALJ referred to this as a "sedentary" RFC. (PageID.398).  This is inaccurate, however, as sedentary work does not contemplate the ability to stand and walk for 6 hours each during an 8-hour workday.  20 C.F.R. §§ 404.1567, 416.967.

I.        **Medical Opinion Evidence**

On September 4, 2014, Dr. Neil Goodman offered his opinion regarding Plaintiff's ability to perform physical work-related activities. (PageID.923-26). The doctor reported that Plaintiff was limited to a greater extent than the ALJ recognized. For example, Dr. Goodman reported that, during an 8-hour workday, Plaintiff can sit for 3 hours, stand for 1 hour, and walk for 1 hour. (PageID.923). The doctor reported that Plaintiff required a sit-stand option. (PageID.923). The doctor also reported that Plaintiff's ability to use her upper extremities to perform handling, fingering, and feeling activities was more limited than the ALJ recognized. (PageID.924). The ALJ afforded only "partial weight" to Dr. Goodman's opinion. (PageID.404). Plaintiff argues that she is entitled to relief because the ALJ failed to provide sufficient reasons for discounting the opinions of her treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Ibid*. Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id*. at 376-77.

Moreover, if the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must determine the weight to be afforded such. *Id*. at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of

the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Ibid.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

In support of his decision to discount Dr. Goodman's opinion, the ALJ offers a single, conclusory sentence: "[t]he medical evidence of record does not indicate that the claimant has any significant limitations with walking or standing." (PageID.404). As noted above, Dr. Goodman reported that Plaintiff's ability to use her upper extremities to perform handling, fingering, and feeling activities was more limited than the ALJ recognized. The doctor also reported that Plaintiff required a sit-stand option. The ALJ's conclusion regarding Plaintiff's ability to walk or stand completely fails to address these aspects of Dr. Goodman's opinion. Moreover, given the nature and severity of Plaintiff's cervical impairments,[3] Dr. Goodman's opinion is not so unreasonable that it can be dismissed out of hand. Simply put, the ALJ offered absolutely no reason to discount these aspects of Dr. Goodman's opinion.

---

[3] The medical record reveals that Plaintiff, despite treatment, continued, through 2017, to experience pain, tremors, weakness, and muscular contractions in her neck and upper extremities. (*See, e.g.* PageID.1234-54, 1270-71, 1311-15, 1347-51, 1360-75).

This error by itself is sufficient to vacate the ALJ's decision, however, the ALJ's assessment suffers from yet another shortcoming.

Dr. Goodman reported that Plaintiff's ability to stand and walk was much more limited than the ALJ concluded. The ALJ discounted this opinion on the ground that such is not supported by the record. While the record may support the conclusion that Plaintiff does not suffer from any impairments that *directly* limit her ability to walk, the record likewise reveals that Plaintiff's neck and upper extremity impairments nevertheless *indirectly* impact her ability to stand and walk. (PageID.1234-54, 1270-71, 1311-15, 1347-51, 1360-75). This distinction is relevant because Dr. Goodman did not opine that Plaintiff's ability to walk was directly impaired. As the doctor expressly stated, Plaintiff is "capable of walking effectively." (PageID.923). But the doctor also opined that, given the severity of Plaintiff's neck and upper extremity impairments, such would limit her ability to stand and walk in a competitive work environment. This opinion enjoys support in the record. The ALJ's one-sentence assessment of Dr. Goodman's opinion, however, fails to articulate good reasons to discount such.

Simply put, the ALJ failed to sufficiently articulate *how* or *why* the doctor's opinion should be discounted. Vague conclusions as to why a treating source's opinion was discounted are insufficient. *See, e.g., Friend v. Commissioner of Social Security*, 375 Fed. Appx. 543, 552 (6th Cir., Apr. 28, 2010) ("it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it

is the treating physician's conclusion that gets the short end of the stick"). Accordingly, the Court finds that the ALJ has failed to articulate good reasons, supported by substantial evidence, to support his decision to discount Dr. Goodman's opinion. Given that Dr. Goodman's opinion is inconsistent with the ALJ's RFC determination and the ALJ's subsequent conclusion that there exist a significant number of jobs which Plaintiff can perform despite her limitations, the ALJ's failure is not harmless.

## II. Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded to the Commissioner for further administrative action.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 27, 2020         /s/ Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge