UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE KNAPP,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:18-cv-1278

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Notice of Application for Attorneys Fees and Costs pursuant to the Equal Access to Justice Act. (ECF No. 18). On February 11, 2020, this matter was remanded to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $4,375.00. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

The EAJA provides that a prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless

the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

The burden rests with the Commissioner to establish that her position was substantially justified, *DeLong v. Commissioner of Social Security*, 748 F.3d 723, 725-26 (6th Cir. 2014), defined as having "a reasonable basis both in law and fact" and "justified to a degree that could satisfy a reasonable person."  *Glenn v. Commissioner of Social Security*, 763 F.3d 494, 498 (6th Cir. 2014).  The fact that the Commissioner's decision is found to be supported by less than substantial evidence does not preclude a finding that the Commissioner's position was nonetheless substantially justified.  *DeLong*, 748 F.3d at 725.  Defendant opposes the present motion on the ground that the Commissioner's position was substantially justified.

The Sixth Circuit has indicated that, "where remand was based solely on the ALJ's 'failure to explain his findings adequately'," such may very well constitute substantial justification.  *Glenn*, 763 F.3d at 498; *see also, DeLong*, 748 F.3d at 727 (because "remand on procedural grounds may result in yet another denial of benefits . . . we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification").

The Court remanded this matter to the Commissioner because the ALJ failed to articulate adequate reasons for discounting the opinions of Plaintiff's treating physician.  While the ALJ's rationale was insufficient, the doctor's opinions were likewise not well supported.  The doctor simply completed a form report without discussion or elaboration.  (ECF No. 8-9, PageID.923-26).  The doctor also failed to

identify any *specific* findings or test results that supported his opinion. (*Id.*). While the Court ultimately concluded that remand was appropriate, on procedural grounds, the Commissioner's defense of the ALJ's decision was substantially justified because it had a reasonable basis in law and fact. Accordingly, the undersigned recommends that Plaintiff's motion for EAJA fees be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Notice of Application for Attorneys Fees and Costs pursuant to the Equal Access to Justice Act, (ECF No. 18), be denied on the ground that the Commissioner's decision was substantially justified.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: April 23, 2020                                 /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge