UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE KAY KNAPP,

     Plaintiff,

                                      Case No. 1:18-cv-1278

v.

                                       HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

     Plaintiff filed a "Notice of Application for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act" (ECF No. 18).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny Plaintiff's request (ECF No. 21).  The matter is presently before the Court on Plaintiff's objections (ECF No. 22) to the R & R and Plaintiff's supplemental brief (ECF No. 24).  Defendant has filed responses (ECF Nos. 23, 26).  For the reasons stated below, Plaintiff's objections are denied and the R & R is adopted.

     Before addressing Plaintiff's objections, the Court must determine the correct legal standard that applies when reviewing the Magistrate Judge's R & R.  Defendant contends that Plaintiff's application for attorney's fees is a nondispositive matter that can be reversed only if it is "clearly erroneous or contrary to law."  *See* W.D. Mich. LCivR 72.3(a); 18 U.S.C. § 636(b)(1)(A).  But Plaintiff's motion is a post-judgment motion. The Sixth Circuit has determined that post-judgment motions for attorney's fees, such as the motion in this case, must be treated as a dispositive matter.  *See Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993); *see also*

*Riddle v. Comm'r of Soc. Sec.*, No. 17-10905, 2019 WL 994682, at *1 (E.D. Mich. Mar. 2, 2019) ("Motions for attorney fees referred to a magistrate judge are regarded as dispositive matters, requiring fresh review by the district court.").  Therefore, in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), this Court performs a de novo review of the objected to portions of the R & R.

Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The EAJA provides a mechanism for a party to recover fees and other expenses, including reasonable attorney fees, when the party prevails in a lawsuit against the United States Government. The statute provides that the court shall award these fees and other expenses if: (1) the party is a "prevailing party"; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement.  *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007).

The only element in dispute here is whether the government's position was substantially justified. "[A] position is substantially justified when it has a 'reasonable basis in both law and fact.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  A remand for additional factual findings does not, by itself, satisfy this standard.  *See Glenn v. Comm'r Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014). The Sixth Circuit has held that, generally, an ALJ's failure to sufficiently explain a conclusion results in a procedural error, not a substantive error.  *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 727 (6th Cir. 2014).

Plaintiff objects to the Magistrate Judge's conclusion that the government's position was substantially justified.  This Court agrees with the Magistrate Judge's analysis and *DeLong* is directly on point. In *DeLong*, the Sixth Circuit affirmed the denial of attorney's fees where the

"fatal flaw" in the ALJ's opinion was "'not in the weight he found was appropriate for the various medical opinions,' but rather in his failure to explain his findings adequately." *Id.* at 727.  The Sixth Circuit also relied on the district court's finding that the record did not support an entitlement of benefits.  *Id.* at 726 (noting that such a finding is "critical" when determining whether the government's position had a reasonable basis in law and fact).  That is exactly what happened in this case.  This Court remanded this matter to the Commissioner because the ALJ failed to articulate adequate reasons for discounting the opinion of one of Plaintiff's treating physicians, Dr. Neil Goodman.  This Court further recognized that a remand was the appropriate remedy because of the lack of "compelling evidence that Plaintiff [was] disabled" (ECF No. 15 at PageID.1660).

Furthermore, the cases cited by Plaintiff in her objections are distinguishable. *Perket v Secretary of H.H.S.*, 905 F.2d 129 (6th Cir. 1990) did not involve the treating physician rule or a remand to allow the ALJ to adequately explain his or her findings.  *Doud v. Comm'r Soc. Sec.*, 314 F. Supp. 2d 680 (E.D. Mich. 2013) is not binding on this Court.  And the ALJ's error in that case was much more blatant—despite the fact that the treating physician's medical opinion was consistent with the medical record, the ALJ "completely disregarded" the treating physician's opinion because the physician was not a "mental health specialist."  *Id.* at 683.  Here, although Plaintiff claims that there is "an enormous amount of evidence supporting Dr. Goodman's restrictions," (ECF No. 22 at PageID.1687), the ALJ found otherwise. The ALJ did not completely disregard Dr. Goodman's opinions.  On remand, the ALJ will have the opportunity to explain his findings adequately.

In sum, the Magistrate Judge correctly determined that the government's position was substantially justified.[1]

Accordingly:

**IT IS HEREBY ORDERED** that the objections (ECF No. 22) and supplemental brief (ECF No. 24) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 21) is APPROVED and ADOPTED.

**IT IS FURTHER ORDERED** that Plaintiff's "Notice of Application for Attorneys Fees and Costs" (ECF No. 18) is DENIED.

Dated:  February 4, 2022                                          /s/ Janet T. Neff
                                                                              JANET T. NEFF
                                                                              United States District Judge

---

[1] In her supplemental brief, Plaintiff asks the Court to consider a higher hourly rate based on two recent court decisions (ECF No. 24).  Because this Court finds that attorney's fees are not warranted in this case, the Court need not address the appropriate hourly rate.